DECUIR, Judge,
dissenting.
I respectfully dissent from the majority’s opinion which reflects an especially egregious violation of the rules of appellate review. The opinion presents the “facts” as though these “facts” are undisputed. That is not the case.
The record reveals that although appellant contends that some employees were laid off and transferred because of their union affiliation, no such proof was presented at trial. Furthermore, not one witness called on plaintiffs behalf testified that he or she was denied promotions, special assignments, salary increases or any other benefits enjoyed by non-union members because of their union membership. Specifically, Ralph Carpenter, retired captain with the Pineville Police Department, admitted under cross-examination that he was never threatened with firing, demotion or salary decrease; that his advancement through the ranks was normal; that collection of union dues has never been interfered with by the Mayor or other city officials; and that the union still holds regular meetings that have never been interfered with by the Mayor or other city officials.
Detective Frankie Crooks, who joined the union in 1992, testified he was never demoted and his pay was never affected because of his union membership. He also testified that although he was transferred to the Metro Narcotics Division in | ^Alexandria, he enjoys this assignment and admitted under oath that he does not claim he was transferred so that he could not be active in union activities. Tony Martin, another of plaintiffs witnesses and a union member who was a probationary employee of the Pineville Police Department from July 1992 to April 1993, never heard the Mayor talk about the union.
Another witness called by plaintiff, Bill Alvarado, an employee of the Pineville Police Department at the time of the trial, testified that he was a member of Local 1990 from mid-1993 to early 1994. Alvarado testified that while a union member, he advanced in rank and was never denied a promotion and was never formally reprimanded. He also testified that the Mayor did not threaten, intimidate or coerce him into quitting the union, nor did any other non-union officer intimidate, threaten or coerce him to quit the union. Alvarado testified that although the Mayor. had “chewed him out,” he was “chewed out” both before his union membership and after he quit his union membership. Alvarado also testified that Mayor Baden *546 helped him with personal problems without regard to union membership.
Lt. Robert Laneau was also called by the plaintiff. Lt. Laneau has been employed by the Pineville Police Department for over eight years and was a charter member of Local 1990. Lt. Laneau testified that his union membership has not affected his rate of promotion; that his rate of pay has increased with his promotions; and that his transfer to the DARE Program was upon his request.
Another of plaintiffs witnesses, PFC. Douglas Washington, testified he has never been disciplined because of his union membership; and he was never demoted and never denied special assignments because of his union membership. Tracy Farris, a former records clerk at the Pineville Police Department was also called by plaintiff. Ms. Farris testified that she was a union member until her resignation from the ^department. On cross-examination, Ms. Farris admitted that Mayor Baden never threatened her because of her union membership.
PFC. Kenneth Secoy, also called on behalf of plaintiff, was employed by the Pineville Police Department at the time of trial. PFC. Secoy is a charter member of Local 1990 who testified that Mayor Baden never threatened, harassed, or coerced him and never used a threatening tone, nor did Mayor Baden threaten to discipline, terminate, or demote him because of his membership in the union. Likewise, plaintiffs witness PFC. Scott Weisler was never threatened with his job or demotion if he joined the union. Emilie Katheryn Deville, a records clerk with the Pineville Police Department, also testified she was never threatened, harassed, coerced, or intimidated not to join the union.
Finally, plaintiff called Officer Tommy Frazier. Officer Frazier is a member of Local 1990 and has been with the Pineville Police Department for over twenty-two years. Officer Frazier was a charter member of Local 1990. This witness testified that he did not believe he was treated differently because he was in the union, because if he had a problem “I went and talked about it.” Officer Frazier testified that Mayor Baden has been “real good” to him; that he and the Mayor have been and still are “very close”; and that Mayor Baden has helped him most of the time on a personal level.
The record reflects that Mayor Baden was very involved in the daily activities of the Police Department; that he disapproved of the union and sometimes “downed” the union as described by Officer Frazier; and that he would oftentimes reprimand employees both union and non-union. However, while union employees may have perceived discrimination because of their union membership, the record lacks proof of threats, coercion, intimidation, discrimination or interference with employees’ rights to join Local 1990.
^Furthermore, the majority determines that a no-solicitation rule existed based upon its own credibility determination of the self-serving testimony of the plaintiffs, and then states that the implementation of the rule alone is sufficient to constitute a violation of the “Right to Work Law” and “Little Norris-LaGuardia Act.” The trial court found no violation.
Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Credibility calls are the function and prerogative of the trial court. Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992). If the trial court’s findings are reasonable in light of the record in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Furthermore, where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous. Rosell, Id., 593 So.2d at 844, citing Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985). Only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Id., 593 So.2d at 844.
*547 Based upon the record and the rules of appellate review, there is no manifest error, and the findings of the trial court should be affirmed. Consequently, I disagree with the majority’s issuance of an injunction.
Furthermore, I dissent based upon the construction of the injunction ordered by the majority. Specifically, I disagree with Paragraph E of the majority’s injunction which enjoins defendants from “reprimanding or disciplining members of Local 1990 Uor members of the Pineville Police Department for comments made to each other concerning the Mayor or any of his subordinates or agents.” This language is overly broad and improperly interferes with the management function of the executive branch of the City government. In my opinion, this language prevents the Mayor, Chief of Police, and other supervisory officials from requiring employees to avoid engaging in conduct that could cause substantial work disruption. The record reflects that Mayor Baden is a “hands-on” mayor involved in the day-to-day operations of the City of Pineville and is concerned with whether police officers are performing their duties properly. There is certain to occur instances where reprimand or discipline for comments made concerning the Mayor or any of his subordinates or agents is necessary for maintaining morale “and for the proper and orderly conduction of business. Policies and rules are necessary to uphold professionalism and integrity of the police department, and respect for supervising authority, especially in the case of law enforcement, is essential.
The majority’s issuance of an injunction is erroneous. Further, Paragraph E of the injunction is unnecessary and overly broad.
Accordingly, I respectfully dissent.